IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| APPLIED PREDICTIVE TECHNOLOGIES, INC.,<br><br>     Plaintiff,<br>v.<br><br>MARKETDIAL, INC. and JOHN M. STODDARD,<br><br>     Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND STRIKING DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 2:19-CV-496-JNP<br><br>District Judge Jill N. Parrish |

   This matter was recently transferred to the District of Utah from the District of Delaware on defendants' successful motion to transfer venue under 28 U.S.C. § 1404(a). Before transfer, the parties had fully briefed two motions to dismiss. The first motion (ECF No. 33) seeks dismissal of plaintiff's patent infringement claim, and the second motion (ECF No. 36) seeks dismissal of plaintiff's trade secret misappropriation claims asserted under federal law and Delaware's Uniform Trade Secrets Act. Also pending is defendants' unopposed request for judicial notice in support of its motion to dismiss the patent infringement claim (ECF No. 34).

## I.  ANALYSIS

### A. CHOICE-OF-LAW DEFICIENCY

   Upon transfer, defendants submitted supplemental authority in support of their contention that both Utah and Delaware have adopted the Uniform Trade Secrets Act (the "UTSA"), further asserting that any differences between the language adopted by, or the judicial interpretation of, the respective state acts are not implicated by their motion to dismiss.

But wholly missing from defendants' supplemental brief and the memorandum in support of their motion to dismiss is any choice-of-law analysis establishing that the only two possible sources of governing law are Delaware or Utah. The presupposition of defendants' supplemental brief is that the transfer of this case to the District of Utah automatically requires the application of Utah's act. While Utah's act may ultimately be found to apply, defendants have completely failed to undertake the appropriate analysis to establish which state's law applies to the state law trade secrets claim, a fatal deficiency when viewed alongside plaintiff's allegations, which portray defendant John M. Stoddard as having misappropriated plaintiff's trade secrets while residing in Ohio and California, only moving to Utah after he quit the job that is alleged to have granted him access to the trade secrets. Thus, it is far from clear that the only possible sources of law are Delaware and Utah. And even though nearly every state has adopted the UTSA, even a brief review of the case law reveals that states have not adopted identical versions of the UTSA, and that many states' acts have been shaped considerably by judicial interpretation.

In general, a federal court exercising supplemental jurisdiction over a state law claim applies the choice-of-law rules of the state in which it sits. *BancOklahoma Mortg. Corp. v. Capital Title Co., Inc.*, 194 F.3d 1089, 1103 (10th Cir. 1999). However, where, as here, a case is properly venued in one district but is subsequently transferred to a different district under 28 U.S.C. § 1404(a), the choice-of-law rules of the transferor court's forum state apply. *Van Dusen v. Barrack*, 376 U.S. 612, 635–37 (1964). As an exception to that exception, the Tenth Circuit holds that in cases that are transferred because the transferor court could not exercise personal jurisdiction over a defendant, the transferee court should apply the choice-of-law rules of the state in which it sits. *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1535 (10th Cir. 1996); *see also Doering ex rel. Barrett v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 (10th

Cir. 2001) ("When the transferor court lacks personal jurisdiction . . . the choice of law rules of the transferee court apply."). "This is so even when the case was transferred under 28 U.S.C. § 1404(a)—purportedly for convenience—rather than 28 U.S.C. § 1406(a)—for improper venue—so long as the transfer did in fact cure a jurisdictional defect." *Id.* The transferor court's characterization of the reason for the transfer is not controlling. *Id.* at n.4.

Here, the transferor court transferred this case under § 1404(a)(1), but did so, at least in part, on the basis of "substantial questions about whether [the United States District Court for the District of Delaware] can exercise personal jurisdiction over Mr. Stoddard, who has never been in Delaware." (ECF No. 64 at 12). Thus, to determine which choice-of-law rules apply, this court must first determine whether the district court in Delaware could have exercised personal jurisdiction over Mr. Stoddard.

Because the defendants' pending motion to dismiss the trade secrets claims does not address any of these choice-of-law issues, the court is without the necessary facts and arguments to resolve them.

### B. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

Under Fed R. Evid. 201(a)–(b), "the court may judicially notice an [adjudicative] fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Patent records are properly the subjects of judicial notice because they are "adjudicative facts" contained in public records. See *Standard Havens Prod., Inc. v. Gencor Indus., Inc.*, 897 F.2d 511, 514 n.3 (Fed. Cir. 1990).

Under Fed. R. Evid. 201(d), "the court may take judicial notice at any stage of the proceeding." *See also Function Media, L.L.C. v. Google, Inc.*, 708 F.3d 1310, 1316 (Fed. Cir. 2013) ("It is proper to take judicial notice of a decision from another court or agency at any stage of the proceeding . . . ."). "This includes another court's publicly filed records 'concerning

3

matters that bear directly upon the disposition of the case at hand.'" *Hodgson v. Farmington City*, 675 F. App'x 838, 840–41 (10th Cir. 2017) (quoting *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)). Because plaintiff has so requested and has further supplied the court "with the necessary information," the court will take judicial notice of the two documents contained within the Patent record: 1) the April 29, 2010 First Office Action and 2) Applicant's July 29, 2010 response to non-final office action.

## II. ORDER

For the reasons articulated, the court will **STRIKE** defendants' motion—and supporting memorandum[1]—to dismiss counts II and III (ECF Nos. 35 & 36).

Additionally, because the parties' will re-brief defendants' motion to dismiss the trade secrets claim in order to cure the choice-of-law deficiency, the court will further **STRIKE** defendants' motion—and supporting memorandum—to dismiss count I (ECF Nos. 32 & 33).[2] Defendants' motion to dismiss that claim must be combined with defendants' forthcoming cured motion to dismiss in order to comply with the undersigned's civil standing order (ECF No. 73) requiring that litigants file a single motion to dismiss. Defendants are free to seek relief from DUCivR 7-1(a)(3)(A) if compliance with the "single motion" requirement renders compliance with the motion length local rule impossible.

Within 60 days of the date of this order, defendants may refile a single motion seeking dismissal of all three counts and specifically addressing (1) whether Delaware or Utah's choice-

---

[1] Contrary to this court's local rules, the District of Delaware permits memoranda in support of motions to be filed separately from the moving document.

[2] Plaintiff represents that an intervening Federal Circuit decision issued between the briefing of the motions to dismiss and the transfer of this case bears directly on the issues presented by the motion to dismiss the patent infringement case. (ECF No. 98).

of-law rules should apply; and (2) under the appropriate state's choice-of-law framework, whether the UTSA claim is governed by Ohio, California, Delaware, or Utah law.[3]

Finally, defendants' unopposed request for judicial notice in support of its motion to dismiss count I is **GRANTED.** Defendants need take no further action to have that information considered in resolving the forthcoming motion to dismiss.

Signed August 5, 2019

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[3] Plaintiff has indicated its intent to amend its complaint, but is presently unsure whether defendants will consent. Whether or not defendants consent, plaintiff should be mindful of the choice-of-law analysis above when pleading its state law UTSA claim in any proposed amended complaint.