IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| APPLIED PREDICTIVE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARKETDIAL, INC., JOHN M. STODDARD, and MORGAN DAVIS, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER** <br><br> Case No. 2:19-cv-00496-JNP-CMR <br><br> District Judge Jill N. Parrish |

Before the court is defendant MarketDial, Inc., defendant John M. Stoddard, and defendant Morgan Davis's (collectively, "Defendants") objection to Magistrate Judge Romero's order denying Defendants' motion renewing short form discovery motion seeking modification of Standard Protective Order (ECF No. 285). ECF No. 288. For the reasons presented herein, the court OVERRULES the objection.

"Under Federal Rule of Civil Procedure 72(a), a district court is required to consider timely objections to a nondispositive order from a magistrate judge and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Vivint, Inc. v. Alarm.com, Inc.*, No. 2:15-cv-392, 2020 U.S. Dist. LEXIS 141702, at *15 (D. Utah Aug. 6, 2020) (internal quotation marks and alterations omitted); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "The 'clearly erroneous' standard under Rule 72(a) applies to factual findings," *Vivint, Inc.*, 2020 U.S. Dist. LEXIS 141702, at *15 (citation omitted), and it "requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed,'" *Ocelot Oil Corp. v. Sparrow*

1

*Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "The 'contrary to law' standard permits 'plenary review as to matters of law,'" *Cooper v. Noble Casing, Inc.*, Nos. 15-cv-1907-WJM-CBS, 16-cv-2799-WJM-CBS, 2017 U.S. Dist. LEXIS 223227, at *13–14 (D. Colo. Oct. 27, 2017) (quoting 12 Charles Alan Wright *et al.*, *Federal Practice & Procedure* § 3069 (2d ed., Apr. 2016 update)), and "[a] magistrate judge's order is contrary to law if it 'fails to apply or misapplies relevant statutes, case law or rules of procedure,'" *Hawkins v. Ghiz*, No. 2:18-cv-00466-DBB-JCB, 2021 U.S. Dist. LEXIS 19484, at *3 (D. Utah Jan. 29, 2021) (citation omitted). "In sum, it is extremely difficult to justify alteration of the magistrate judge's nondispositive actions by a district judge." *Raytheon Co. v. Cray, Inc.*, No. 2:16-MC-898-DAK, 2017 WL 823558, at *2 (D. Utah Mar. 2, 2017) (citation omitted).

Here, Defendants moved for modification of the Standard Protective Order ("SPO"). *See* ECF Nos. 240, 259. Specifically, Defendants sought "an order permitting Defendants Stoddard and Davis to attend depositions when information designated 'CONFIDENTIAL – ATTORNEYS EYES ONLY' ('AEO') is discussed." ECF No. 259 at 2. Magistrate Judge Romero denied the motion, finding that, after weighing the benefits and harms of modification, good cause to so modify the SPO did not exist. Defendants argue that Judge Romero's ruling was both contrary to law and clearly erroneous.

First, Defendants contend that Judge Romero's ruling was contrary to law because she applied the wrong legal standard. Specifically, according to Defendants, Judge Romero should have required plaintiff Applied Predictive Technologies, Inc. ("APT") to demonstrate "compelling or extraordinary circumstances justifying Defendants' exclusion from the depositions in this case" because, in practice, the SPO has the effect of excluding Stoddard and Davis from depositions. *See* ECF No. 288 at 9. The court is not persuaded.

In particular, Defendants fail to acknowledge that *they* moved to modify the SPO. "The party seeking to modify a protective order bears the burden of showing good cause for the modification." *Modern Font Applications v. Alaska Airlines*, No. 2:19-cv-00561-DBB-CMR, 2021 U.S. Dist. LEXIS 21563, at *13 (D. Utah Feb. 3, 2021) (citation omitted). That is the standard that Judge Romero applied to Defendants' motion. *See generally* ECF No. 285. The cases on which Defendants rely, in which courts applied a "compelling or extraordinary circumstances" standard, are factually distinct from the present situation because in those cases one party moved to exclude another party entirely from depositions. *See, e.g.*, *Visor v. Sprint/United Mgmt. Co.*, No. CIV.A. 96-K-1730, 1997 WL 567923, at *1 (D. Colo. Aug. 18, 1997); *Hines v. Wilkinson*, 163 F.R.D. 262, 264 (S.D. Ohio 1995). Here, though, APT has not moved to exclude Defendants from depositions and, as Judge Romero noted in her order, "Defendants are not being precluded from attending the deposition[s], . . . [and] Stoddard and Davis will only need to leave once/if AEO documents are being discussed." ECF No. 285 at 4. Therefore, the court concludes that Judge Romero applied the correct legal standard and that her order was not contrary to law. AEO designation serves important interests and, to the extent that Defendants believe that APT has overused such designation—such that Defendants are effectively excluded from depositions—Defendants may challenge APT's use of that designation. However, such a challenge is not present here.

Similarly, the court concludes that Judge Romero's order was not clearly erroneous. In deciding whether to modify a protective order, courts have "broad discretion." *See Chipman v. Sabol & Rice*, No. 2:10-cv-01016-DN-DBP, 2012 U.S. Dist. LEXIS 171944, at *3 (D. Utah Dec. 3, 2012); *see also United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). Because the court is not "left with the definite and firm conviction" that Judge Romero committed a mistake in exercising her discretion and determining and weighing the benefits and harms of

modifying the SPO, the court declines to conclude that Judge Romero's order was clearly erroneous.

Therefore, the court OVERRULES Defendants' objection to Judge Romero's order denying Defendants' motion renewing short form discovery motion seeking modification of Standard Protective Order (ECF No. 288).

DATED July 29, 2022.

BY THE COURT

_____

Jill N. Parrish

United States District Court Judge