IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APPLIED PREDICTIVE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARKETDIAL, INC., et al., <br><br> Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' [423] MOTION TO STRIKE <br><br> Case No. 2:19-cv-00496-JNP-CMR <br><br> Judge Jill N. Parrish <br> Magistrate Judge Cecilia M. Romero |

Before the court is Defendants' Short Form Discovery Motion to Strike Untimely Supplemental Discovery Responses (Motion) (ECF 423). Defendants filed the Motion on March 27, 2023, and Plaintiff filed its Opposition to the Motion on April 3, 2023 (ECF 425). After inadvertently failing to attach the relevant disclosures to the Motion, on April 18, 2023, Defendants filed a supplement containing the Third Supplemental Disclosures at issue (ECF 432-1). The court held a hearing on the Motion on April 25, 2023 (ECF 437). At the hearing, the court ordered the parties to file supplemental briefing on when Plaintiff knew of the witnesses the Motion seeks to strike and "if any expert report(s) reference them or their employers" (*id.*). Plaintiff filed its supplemental brief on April 28, 2023 (ECF 460), and Defendants' supplemental brief was filed on May 3, 2023 (ECF 467). Additional questions on the Motion were addressed with the parties at a later hearing held on January 12, 2024 (ECF 598). Having carefully considered the relevant filings and argument presented at the hearings, and for the reasons herein, the court GRANTS the Motion.

### I.  BACKGROUND

Plaintiff sent Defendants its Third Supplemental Disclosures on February 14, 2023 (ECF 432-1 at 7). The Third Supplemental Disclosures contain a list of fourteen fact witnesses Plaintiff

1

proffers have information on lost revenue from business contracts lost from Defendants' alleged business activity (ECF 432-1). These Supplemental Disclosures were made after the close of fact discovery on June 8, 2022 (ECF 416 at 3), and after this court briefly reopened fact discovery to allow for an additional 30(b)(6) deposition following untimely disclosures by Plaintiff (ECF 410).

By way of further background, on October 27, 2022, as part of its ruling on a prior Motion to Strike Untimely Supplemental Discovery Responses, this court reopened discovery for sixty days for Plaintiff to address damages on disclosures of sixty-six clients Plaintiff untimely identified that supported its lost profits (ECF 410; ECF 423 at 2). Despite denying Defendants' request to strike the untimely responses at that time, the court ordered Plaintiff to submit to an additional 30(b)(6) deposition to address the damages information and to pay for costs in connection to the deposition (*id.*). The 30(b)(6) deposition took place on January 6, 2023 (ECF 423 at 2). Thereafter, on February 14, 2023, APT identified fourteen fact witnesses "with alleged information tying APT's loss of revenue from specific lost-profit clients to Defendants' actions" (*id.*).

The fourteen witnesses identified in the Third Supplemental Disclosures are: Ben Burruto, Michael Calamari, John Mark DiGrazia, Aaron Fidler, John Fimbel, Melissa Goldstein, Peter Gudmundsen, Sheila Iwano, Matthew Kaye, Ariel Klein, Patrick Miller, Christine Mitchell, Wesley Rivera, and RJ Wynn (ECF 432-1 at 3–5). Some of the businesses about which these witnesses have alleged information include the Mattress Firm, Family Dollar/Dollar Tree, Dick's Sporting Goods, Woolworths, among others (*id.*). However, Defendants' Motion states Melissa Goldstein was previously deposed and therefore not part of the Motion (ECF 423 at 2). And at the hearing on April 25, 2023, Plaintiff indicated it was removing John Fimbel and Ariel Klein from the supplemental disclosure as possible witnesses because the parties had previously agreed not to call Mr. Fimbel as a witness and Ms. Klein lacked knowledge on the alleged lost profits to clients

relevant to the disclosures (ECF 437). With this understanding, the court is left with eleven witnesses to consider as part of the Motion.

Defendants argue the witnesses in the Third Supplemental Disclosures are untimely under Federal Rule of Civil Procedure 26 as the witnesses were disclosed well after the close of fact discovery and warrant exclusion under Rule 37 as no other sanction could remedy the prejudice that would result if the witnesses were able to testify at trial (*id.* at 2–3). Plaintiff responds there was no Rule 26 violation because the supplementation of the witnesses was timely as the witnesses with the relevant damages information were identified at the additional 30(b)(6) deposition. In the alternative, Plaintiff argues "any delay was justified and harmless" because "Defendants were on notice of APT's damages claims before" the additional 30(b)(6) deposition (ECF 425 at 2). And that lesser sanctions must be imposed as the exclusion of these witnesses is too extreme (*id.* at 3).

On April 25, 2023, at the hearing held on the Motion, the court asked for more information on when Plaintiff learned of the witnesses (ECF 437). Counsel for Plaintiff could not with certainty represent to the court when it was that Plaintiff learned of the relevant lost contracts and lost profits to MarketDial on which the additional witnesses allegedly have information. Counsel for Plaintiff also could not concretely relay what type of relevant information these witnesses would have. Because of this, the court ordered both sides to file a supplement identifying when Plaintiff knew of the lost profits related to the witnesses the Motion seeks to strike and "if any expert report(s) reference them or their employers" (*id.*).

Plaintiff's supplemental briefing does not address the specific question posted by the court, rather it argues Defendants "suffered no or minimal prejudice or surprise because Defendants knew APT's general damages and had possession of contracts from APT's claimed lost profit clients during discovery" (ECF 460 at 2). Defendants argue in response that: (1) the supplementation was

3

untimely because, as evidenced by its expert reports, Plaintiff knew of relevant lost profits or lost clients "months or years in advance of the discovery deadline," (2) that prolonging the case will augment ongoing prejudice, and (3) that the court should take note of Plaintiff's bad faith in once again filing a motion "to avoid the consequences of late disclosures" (ECF 367 at 3).

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 26(a)(1)(iii) requires a party to disclose, among other things, "a computation of each category of damages claimed by the disclosing party." Rule 26(e) requires litigants "to supplement their disclosures upon learning that they are incomplete or incorrect." *GeoMetWatch Corp. v. Hall*, No. 1:14-cv-60, 2019 WL 13030016, at *2 (D. Utah Mar. 26, 2019). Supplementation "made after the expert disclosure deadline or even after the close of discovery" is not per se improper. *Johnson v. Nault*, No. 4:20-cv-00060-TC-PK, 2022 WL 2390936, at *4 (D. Utah June 1, 2022) (citing *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 241 (D. Nev. 2017)). "The key inquiry is whether a party timely disclosed and supplemented its damages when the information becomes reasonably available to it." *Id.*

"Rule 37(c)(1) prohibits the use of information not disclosed as required by Rules 26(a) and 26(e) unless that failure was substantially justified or harmless." *GeoMetWatch*, 2019 WL 13030016, at *2. Whether the untimely disclosure is justified or harmless "is entrusted to the broad discretion of the district court." *Addiction Treatment Centers, Inc. v. Shadow Mountain, LLC*, No. 2:16-cv-00339-JNP-CMR, 2020 WL 2543238, at *6 (Utah D. May 19, 2020) (quoting, *HCG Platinum, LLC v. Preferred Prod. Placement Corp.*, 873 F.3d 1191, 1200 (10th Cir. 2017)). In making this determination, a district court should analyze the following *Woodworker's* factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the

trial; and (4) the moving party's bad faith or willfulness. *Johnson*, 2022 WL 2390936, at *5; *see Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). Even when an untimely disclosure is unjustified or prejudicial under Rule 37(c), the Tenth Circuit regards dismissal as a severe sanction, and directs courts to consider less extreme sanctions where possible. *Dahl v. Dahl*, No. 2:11-cv-00949-RJS-DBP, 2018 WL 1628820, at *3 (D. Utah Mar. 30, 2018) (citing *HCG Platinum, LLC*, 873 F.3d at 1205–06). The same is the case when a court-ordered sanction falls short to dismissal but has a dismissal-like effect on the presentation of a claim. *HCG Platinum, LLC*, 873 F.3d at 1200.

### III.   LEGAL ANALYSIS

It is difficult for the court to understand Plaintiff's argument that the Third Supplemental Disclosures are not untimely. First, albeit not dispositive, *see, e.g., Johnson*, 2022 WL 2390936, at *4 (explaining while preferrable to supplement within the deadline, Rule 26 allows supplementation when information is reasonably available), the Third Supplemental Disclosures were made after the court ordered deadlines as they were made nearly eight months after the original close of fact discovery deadline, and one month after the additional 30(b)(6) deposition was taken. Notwithstanding, what is dispositive is when the information identified in the Third Supplemental Disclosures became reasonably available to Plaintiff. Plaintiff argues that it did not know of the witnesses and the information they had on damages as listed in the Third Supplemental Disclosures until after the 30(b)(6) deposition. Defendants, however, demonstrate in their supplemental briefing (ECF 467) that Plaintiff knew or was aware of the losses or reductions from nearly every client for which a potential new witness has information well before the Third Supplemental Disclosures were made (*id.* at 2–3).

As argued by the Defendants at the hearing on April 25, 2023, and as set out in Defendants' supplement, Plaintiff's Expert Reports dated August 3, 2022 (ECF 439-123), and February 8, 2023 (ECF 429-126), reference the customers (albeit not the witnesses) in the Third Supplemental Disclosure (ECF 467 at 2–3) from which Plaintiff allegedly lost profits. The court therefore agrees it is inaccurate that Plaintiff did not know of at least some damages with respect to the customers that the relevant witnesses may speak to, well prior to the Third Supplemental Disclosure. For example, Plaintiff's Third Supplemental Disclosures lists Michael Calamari, John Mark DiGrazia, Christine Michell, and others as having information on lost revenue from Family Dollar; Plaintiff also lists Aaron Fidler as having information on lost revenue from Woolworths. However, Plaintiff's Corrected Expert Witness Report, dated August 3, 2022, (ECF 439-123) mentions Woolworths being a client of Defendants since January 2018 and the revenue associated with that account (*id.* at 26) and allegedly losing revenue from client Family Dollar since 2019 (*id.* at 53–54). Plaintiff was thus aware it needed to find witnesses to testify as to these damages at least as early as August 3, 2022. Yet the Third Supplemental Disclosure was not made until February 14, 2023. Likewise, Plaintiff's Supplemental Witness Report, dated February 8, 2023, (ECF 439-126) shows Plaintiff knew of alleged lost profits from clients Banfield and Petsmart due to Defendants' business activities also before the close of fact discovery (*id.* at 14, 16–17).

Although Defendants concede that Plaintiff did not know of having lost clients Brinker or Coles prior to the end of the June 8, 2022 discovery deadline (ECF 467 at 3), they were disclosed in Plaintiff's experts reports dated August 3, 2022 and February 8, 2023, and witnesses able to testify on these clients also should have been supplemented before February 14, 2023. Plaintiff argues new contracts and contract renewals that were not produced until after the close of fact discovery warrants testimony from these new witnesses. But the court is not persuaded by this

argument, as even if the specific renewals were not produced until after the close of fact discovery, Plaintiff's expert reports show Plaintiff had already taken these clients into consideration and could have done more due diligence as to the evidence it planned to use for its damages theories. As such, the court finds Plaintiff's Third Supplemental Disclosures were untimely because Plaintiff did not timely supplement with information reasonably available to it.

The court now evaluates the *Woodworker's* factors to determine if the untimely disclosure was substantially justified or harmless and the appropriate sanctions, if any. As to the first factor the court finds that the untimely disclosure is prejudicial to Defendants. Plaintiff seeks to introduce eleven new witnesses, all after the close of fact discovery, after expert reports and depositions were finished, and after dispositive motions have been filed. Dispositive motions have also now been heard (ECF 604). This all together is prejudicial to Defendants, who would presently have no opportunity to depose these witnesses and would likely have to modify all these other filings. Unless discovery is once again reopened for any other discovery needed to cure prejudice, being unable to prepare for the testimony of these witnesses would be prejudicial. In addition, the time that would be needed to reopen and conduct the necessary discovery adds to Defendants' prejudice.

Plaintiff argues there is no prejudice here as "Defendants knew APT's general damages and had possession of contracts from APT's claimed lost profit clients during discovery" (ECF 460 at 2) and cite to *GeoMetWatch* for support. Although Plaintiff compares this case to *GeoMetWatch* by drawing on the fact that Defendants were aware of Plaintiff's damages because they were often the contract holders on the other end, this case is different in that this would be the second time the court would have to reopen discovery due to the behavior of Plaintiff, *and* dispositive motions have also already been filed and argument heard (ECF 585; ECF 604). Plaintiff has previously failed to adhere to the scheduling order on information relating to damages which

7

resulted in this court reopening discovery for sixty days to allow discovery on damages (ECF 410). As another court has explained, and this court agrees, "[s]cheduling orders are contemplated and designed to offer a degree of certainty in pretrial proceedings, ensuring that, at some point, the claims and evidence are fixed so that parties may proceed to trial .... They are not 'optional deadlines that can simply be ignored or amended on a whim.'... Deadlines exist for a reason." *Austin v. Brown*, No. 121-CV-02682-RMRSBP, 2023 WL 4659789, at *4 (D. Colo. July 20, 2023). Plaintiff's attempt to yet again disregard deadlines is prejudicial to Defendants.

As to the second factor, the ability to cure, Plaintiff's opposition to the Motion states that Defendants were offered and rejected the opportunity to depose the new witnesses (ECF 425 at 3). Although this is a possible way to cure some of the prejudice related to what these witnesses may testify, this possibility does not redress the prejudice Defendants may face given that all expert reports and dispositive motions have already been filed and argued. Moreover, the court finds that re-opening discovery *again* would also be unduly burdensome at this point in the case due to additional cost. While the court can cure the cost by ordering sanctions as it has previously done, given that dispositive motions have been filed and argued, financial sanctions would not completely cure Defendants suffered prejudice. Accordingly, this factor weighs in favor of exclusion of the witnesses.

As to the third *Woodworker's* factor, although there is currently no set date for trial, based on the last scheduling order (ECF 473), the parties are expected to have trial set sometime during the first quarter of 2024 (*id.* at 5). Even if trial does not occur within the next few months, trial is imminent given dispositive motions have been filed and argued. This timeframe is already two quarters past the anticipated timeframe for trial when the court re-opened discovery (ECF 407 at 5). Additionally, as set forth by the *Austin* court, lacking a trial date is not "a viable reason for

extending discovery, and the trial setting, once again." 2023 WL 4659789, at *5. Here, any further discovery extensions would only further delay trial. Accordingly, the third factor, at this point, also weighs in favor of exclusion.

As to the final *Woodworker's* factor, the court does not take allegations of any party engaging in bad faith or willfulness lightly. Defendants ask the court to take note that Judge Parrish recognized Plaintiff has previously engaged in gamesmanship on a privilege issue (ECF 420 at 13). For the purposes of this Motion, any prior gamesmanship is not relevant. However, what is relevant is that Plaintiff has in the past been found to make untimely disclosures and that this court declined excluding past information in favor of re-opening discovery (ECF 410). Hence, it is fair to note that Plaintiff has in the past made untimely disclosures with respect to damages and is aware of the high standard to meet for this court to exclude untimely information. Although the court does not find bad faith on the part of Plaintiff, the court does note Plaintiff's repeated untimely disclosures. As such, because the other three factors weigh in favor of exclusion, the court finds that the Third Supplemental Disclosures were untimely, not substantially justified, and prejudicial to Defendants.

As to the appropriate sanction in this case, Defendants argue that excluding these late disclosures is appropriate as this exclusion would not result in dismissal, but rather a lesser sanction of having less evidence as to Plaintiff's damages theory (ECF 467 at 3). Plaintiff, on the other hand, in their initial opposition and at the hearing, emphasize the fact that exclusion is an extreme sanction and the court should look at other less punitive alternatives (ECF 425 at 2). At the hearing on January 12, 2024, the court again asked the parties to state their position on the impact from excluding these eleven witnesses. Plaintiff argued it would be prevented from presenting its full evidence regarding the lost profits from these clients. Defendants argued that other available

witnesses can testify as to these companies and that exclusion is not like dismissal because Plaintiff can still present plenty of testimony regarding its damages theories.

Although the court acknowledges the Tenth Circuit's view of dismissal as an extreme sanction pursuant to Rule 37, the impact of this ruling does not dismiss any claim or defense or even have the force and effect of a dismissal. *See, e.g.*, *HCG Platinum, LLC*, 873 F.3d at 1200 (discussing additional factors to consider if a sanction has the force and effect of a dismissal). Here, Plaintiff has other evidence to support its damage theories and could call other witnesses that were timely disclosed. In fact, Plaintiff's expert reports include damages calculations relating to the clients addressed in the Motion. Because exclusion here does not result in dismissal of Plaintiff's damages claims, and because Plaintiff's Third Supplemental Disclosures were untimely and prejudicial, the court finds exclusion of the eleven witnesses appropriate.

Accordingly, having considered the parties' briefing and argument at the hearings, the court hereby GRANTS the Motion. Plaintiff shall be precluded from calling as witnesses or relying on testimony for matters related to lost profits from the following individuals: Ben Burruto, Michael Calamari, John Mark DiGrazia, Aaron Fidler, Peter Gudmundsen, Shelia Iwano, Matthew Kaye, Patrick Miller, Christine Mitchell, Wesley Rivera, and R.J. Wynn.

IT IS SO ORDERED.

DATED this 26 January 2024.

                                                                Magistrate Judge Cecilia M. Romero
                                                                United States District Court for the District of Utah