IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APPLIED PREDICTIVE TECHNOLOGIES, INC., <br><br> Plaintiff, <br> v. <br><br> MARKETDIAL, INC., et al., <br><br> Defendants. | MEMORANDUM DECISION & ORDER DENYING PLAINTIFF'S [553] MOTION TO MAINTAIN PROTECTIVE ORDER DESIGNATIONS <br><br> Case No. 2:19-cv-00496-JNP-CMR <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Cecilia M. Romero |

Before the court is Plaintiff Applied Predictive Technologies, Inc.'s (Plaintiff or APT) Short Form Discovery Motion (Motion) to Maintain Protective Order Designations (ECF 553) seeking to maintain its Confidential Information-Attorneys Eyes Only (AEO) designations of sensitive commercial and/or trade secret information in its Opposition to (ECF 550) to Defendants MarketDial Inc. and John Stoddard's (Defendants) Motion for Summary Judgment (ECF 443). In addition to the Motion, the court has considered Defendants' Opposition to the Motion (ECF 561), argument presented by the parties at the hearing held on January 12, 2024 (ECF 598), and the supplemental briefs later ordered by the court and filed by the parties (ECF 603; ECF 608). Having considered the Motion, along with the relevant briefing and argument presented, the court DENIES the Motion for the reasons herein.

## I.   BACKGROUND

Plaintiff moves under paragraph 9(c) of the Standard Protective Order[1] (SPO) to maintain

---

[1] The Standard Protective Order for the United States District Court for the District of Utah can be found on the court's website: https://www.utd.uscourts.gov/usdc-forms.

1

its AEO designations in its Opposition to Defendants' Motion for Summary Judgment on what it alleges is trade secrets and sensitive commercial information (ECF 553 at 2). Plaintiff argues its AEO designations in its Opposition contain "sensitive or competitive technical, business, and marketing information" that, if disclosed, and largely because Defendants are direct competitors, would cause irreparable harm for Plaintiff (*id.* 2–3). Plaintiff also argues that AEO designations are maintained when a party "reasonably and in good faith believes" that the disclosure of information would likely cause harm, that the declaration by Mr. Weidman attached to the Motion establishes its AEO designations are proper and necessary, and that the designations are appropriate under Utah law (*id.* at 1). Defendants argue the court should deny the Motion because the information in the designations do not actually disclose trade secrets or sensitive commercial information (ECF 561 at 2).

Plaintiff's Motion originally contained thirty-two (32) disputed AEO designations (ECF 557).[2] However, at a hearing for the Motion on January 12, 2024 (*see* ECF 598), the number of AEO designations was further reduced to twenty-four (24) as Plaintiff had reevaluated and reduced AEO designations 8, 14, 16, 26, 32, and 33 to Confidential, and removed its designation from designation 12 altogether.[3] Defendants did not oppose these redesignations.

At the end of the hearing, and for the court to evaluate the remaining designations, the court ordered Plaintiff to file supplemental briefing classifying the remaining designations as either trade

---

[2] Exhibit D attached to the Motion originally identified a total of thirty-four (34) designations, 32 which were AEO and 2 of which were Confidential as defined by the SPO (ECF 557). Designations 17 and 31 were designated Confidential, while the remaining designations were AEO.

[3] Plaintiff's supplemental briefing also points out that Defendants had not challenged the AEO designation of four other designations in the response (ECF 603 at 1, n.1). This is consistent with Plaintiff's original representation, and Defendants' presented arguments (*see* ECF 557 at 8–9; *see also* ECF 563). Because these four designations were not challenged, the court does not rule on them and therefore allows Plaintiff to maintain its designations on Nos. 1-4 listed in the section entitled "AEO Designations Defendants Did Not Challenge" in Exhibit D to the Motion to Seal (*see* ECF 557 at 8–9).

secret or sensitive commercial information. Defendants were allowed to respond (*see* ECF 608). Based on Plaintiff's supplemental briefing, the remaining disputed AEO designations are divided as follows: the six remaining trade secret AEO designations are Nos. 1, 5, 11, 28, 29, and 30; and the remaining sensitive confidential business information AEO designations are Nos. 2–4, 6, 7, 9, 10, 13, 15, 18–25, 27 (ECF 603 at 2–3). APT also asks the court to consider its six (6) trade secret AEO designations as sensitive business information if the court finds the designation erroneous under the trade secret category (*id.* at 3). As part of the hearing, the court also ordered the parties to meet and confer "on whether the disclosure of the designations can be made only to certain Defendants or individuals related to the Defendants" (ECF 598). The parties agreed that all the remaining designations could be disclosed to Defendant John M. Stoddard or Defendant Morgan Davis (ECF 603 at 3; ECF 608 at 3) but differed on disclosures as to Counsel Greg Osborne and "anyone whose name appears on the face of an AEO-designated document or is alleged to have been involved in the creations of the AEO document" (*id.*).

Having considered the relevant filings and argument, the court now turns to its analysis.

## II. LEGAL STANDARDS

The Standard Protective Order is drafted pursuant to Federal Rule of Civil Procedure 26(c). Rule 26(c)(1)(G) states that a court may, for good cause, require that a "trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). A party seeking a protective order to maintain a confidential designation under the SPO and Rule 26(c) has the burden of showing "good cause" exists. *Id.*; SPO at 3(b). "Where trade secrets or other confidential commercial information is involved, the court will balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims." *Mitchell Int'l, Inc. v. HealthLift*

*Pharmacy Servs., LLC*, No. 2:19-CV-000637, 2020 WL 2736094, at *1 (D. Utah May 26, 2020), *aff'd*, No. 2:19-CV-000637, 2020 WL 5645321 (D. Utah Sept. 22, 2020).

"[F]or a party to resist discovery of a trade secret, it 'must first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful.'" *Mitchell Int'l, Inc. v. Healthlift Pharmacy Servs., LLC*, No. 2:19-CV-000637, 2020 WL 5645321, at *2 (D. Utah Sept. 22, 2020) (quoting *Centurion Indus. v. Steurer*, 665 F.2d 323, 325 (10th Cir. 1981)). If that burden is not met, "the trade secrets should be disclosed, unless they are privileged or the [discovery requests] are unreasonable, oppressive, annoying, or embarrassing." *Mitchell Int'l, Inc.*, 2020 WL 2736094, at *1.

### III. DISCUSSION

**1. Plaintiff Failed to Establish Good Cause to Maintain its AEO designations in its Opposition to Defendants' Motion for Summary Judgment.**

As set forth above, the good cause standard to analyze the Motion derives from the SPO and from Federal Rule of Civil Procedure 26(c). Plaintiff, however, argues the correct standard to evaluate its AEO designation stems from Paragraph 2(b) of the SPO and only requires the producing party to "reasonably, and in good faith believe" the disclosure of such information would likely cause harm to the producing party (ECF 553 at 1). This reading of the SPO is incorrect. Paragraph 2(b) of the SPO lays out five categories of Protected Information that can receive an AEO designation. The first four include: (1) sensitive technical information, (2) sensitive business information, (3) competitive technical information, and (4) competitive business information. The fifth type of information, in its entirety, reads as follows: "any other PROTECTED INFORMATION the disclosure of which to non-qualified people subject to this Standard Protective Order the producing party reasonably and in good faith believes would likely cause harm." The reasonableness and good faith language applies only to category five, AEO

4

designations for which a party seeks to protect information that does not squarely fit within one of the other four categories. This does not apply when the producing party is seeking to maintain its designations.

Instead, the SPO explains that once a party elects and discloses its designations, a receiving party may make challenges to those designations under Paragraph 9(b) of the SPO, shifting the "burden [of] proving that the designation is proper" to the "producing party." Thereafter, if the parties are unable to resolve their disputed designations, under Paragraph 9(c) of the SPO, the producing party seeking to maintain its designations must "move the court for a protective order or any other order to maintain the designation." Because the information here relates to trade secrets and other sensitive business information, Rule 26(c)(1)(g) guides the court's analysis. Considering this, Plaintiff's AEO designations in its Opposition to Defendants' Motion for Summary Judgment fail to meet the good cause standard outlined above.

As mentioned above, APT argues the court should allow it to maintain its AEO designations because they contain sensitive or competitive technical, business, and marketing information including "detailed explanations from APT's expert witnesses regarding the technical infrastructure, simulation strategy, sample size collections, control matching," client security measures of APT's software, and funding APT has "invested in developing its trade secrets" (ECF 553 at 3). In its Supplement, APT also argues the content of their AEO designations "reveals exact expenditures and investment in the technology, the type of simulations employed, the specific statistics and bias employed by the software, and specific programs and data infrastructure upon which APT's software was built" (ECF 603 at 2). In reviewing the remaining disputed designations, they are not consistent with APT's characterizations.

Some of the six trade secret designations APT has moved to maintain as AEO do identify some of APT's products by name but only have *general* descriptions of the processes that make these trade secret and are mostly high-level explanations of general background information. For example, Designation 11 names the "Effectiveness Guide" and mentions the overall process this alleged trade secret executes but lacks specific statistical formulas or algorithms that the Effectiveness Guide uses. Designation 28 references Microsoft tools that Plaintiff uses but does not explain how these third-party platforms work within Plaintiff's product(s). Designation 29 also references Microsoft tools Plaintiff uses but has background information and it does not explain how they are used. This reasoning applies to designations 1, 5, and 30. The court therefore DENIES the Motion as to designations Nos. 1, 5, 11, 28, 29, and 30 as there is not good cause to justify the designations.

Turning to the remaining AEO designations under the sensitive confidential business information category, they also do not meet the Rule 26(c) good cause standard as they only provide high-level general background information. For example, Designations 23, 24, and 25 discuss background information only and no specific content about how Plaintiff's product works. Designation 23 indicates APT Data Fees reflect "data points" (which are not specifically discussed) that provided Defendants with "a roadmap" of data sources. Designation 24 references the Data Fees reflect "know-how, processes, techniques, … tools . . ." but does not further detail any of these processes or techniques. Designation 25 is similar as it only contains general background information. Although descriptions of how APT obtains the best sources or data maps may be worthy of an AEO designation under other circumstances, the descriptions here only provide high-level descriptions.

The same is true, for example, with Designation 3 that generally and vaguely describes components of trade secrets, but the content of the designation reads like an overview and not a detailed explanation for how the products work. No data or processes are being revealed here. The same is the case for Designation 30, which even considered under the second category, fails to be more than a general description of APT's services.

The court, by making these findings, is not concluding that APT does not have a trade secret or sensitive business information. But rather that the way in which the designated information is discussed here does not warrant AEO protection under the SPO. Ultimately, the court must balance the risk of disclosing confidential information from one party against the ability to present a full of defense of the other party. *Mitchell*, 2020 WL 2736094, at *3. Here, as used, the AEO designated information does not raise to the level needed for an AEO designation.

In addition, APT has not shown "that a business harm would result" from disclosure of the information to the Defendants. *Mitchell*, 2020 WL 2736094, at *2. APT's Declaration by its Senior Vice President Will Weidman attached to the Motion states the content of the AEO designations reveal "with particularity APT's various trade secrets" and other business confidential information, and that the AEO designated information could further help Defendant misappropriate APT's proprietary and confidential information (*see* ECF 553-3). However, the court has already found that the information of the AEO designations is at most generalized descriptions of business confidential information. Moreover, just like in *Mitchell*, here it is also the case that APT claims Defendants have misappropriated its trade secrets. In balance, APT has failed to explain "how allowing" Defendants "to review" the information in its Response "identifying the allegedly misappropriated secrets would cause further harm." *Mitchell*, 2020 WL 2736094, at *2. The court

7

thus cannot find that these designations are worthy of AEO protection. Accordingly, the court also DENIES the Motion as to Plaintiff's AEO designation Nos. 1–7, 9–11, 13, 15, 18–25, and 27.

### 2. A "Confidential Information" designation under the SPO provides sufficient protection for the information contained in APT's Response.

There is no dispute the Protective Order has a catch all provision that allows a party to make an AEO designation based on a good faith belief of harm. The standard to maintain it, however, is good cause. While the court DENIES APT's Motion as to the AEO designations, the court finds a Confidential Information designation under the Protective Order will protect against the concerns that Plaintiff articulates justify its AEO designation.

Plaintiff is concerned about third parties and other unauthorized individuals accessing the information. Given the allegations in the Complaint of misappropriation, Plaintiff also argues that allowing Defendants, Plaintiff's direct competitors, to access the information compiled in its Response will give Defendants unfetter access to confidential and trade secret information. Although these are legitimate business concerns, the SPO has a designation of Confidential Information that will address the concerns of Plaintiff. *See DIRTT Environmental Solutions, Inc. v. Henderson*, Case No. 1:19-cv-144-DPB, 2020 WL 6263039, at *2 (D. Utah Oct. 23, 2020) (redesignating AEO designations to Confidential under the SPO because "it would be unfair to allow a plaintiff to claim the stealing of a trade secret and not allow a defendant to test that assertion.").

Under paragraph 6(b) of the SPO, a Confidential Information designation limits disclosure to Qualified Recipients that are identified as including outside counsel of record in this matter and any associates, outside copy services, in-house counsel for a party in this action, any secretary or assistants, insurer and representatives of outside counsel needed to help with the litigation. Paragraph 5 of the SPO makes it clear that information designated as Confidential Information

8

cannot be disclosed outside of those Qualified Recipients and importantly, that such persons are to hold the information "in confidence, shall use the information only for purposes of this action and for no other action, and shall not use it for any business or other commercial purpose . . .." Paragraph 13(a) of the SPO requires all persons subject to its terms to destroy/return the information at the conclusion of this matter. The court also retains jurisdiction to enforce the Protective Order during and after termination of the action as explained in paragraph 16. Moreover, Federal Rule of Civil Procedure 37(b) also outlines sanctions that may be sought for failure to abide by the Protective Order. The court therefore finds the Confidential Information designation sufficiently addresses Plaintiff's concerns while allowing Defendants to access the information to mount a defense. As the court in *Dirtt* held, there is no good cause for the stricter AEO designation. *See* 2020 WL 6263039, at *2.

Lastly, the court also rejects APT's argument that the challenges to the designations are untimely given that these designations were not initially challenged because Paragraph 9(c) of the SPO states that a challenging party is not precluded from challenging a confidential designation if the challenge is not immediate. And despite Weidman claiming the information in the Response deserves AEO protections, the court believes that any other confidentiality concerns can be adequately handled with the Confidential designation.

## ORDER

For the reasons above, the Motion is DENIED as to Plaintiff's request to maintain its AEO designations, but the court places a Confidential Information designation on the business information disclosed in APT's Opposition to Defendants' Motion for Summary Judgment. Under the SPO, the Opposition will be considered Confidential Information that cannot be disclosed to

the public and is limited to this litigation. Plaintiff has 10 days from the date of this Order to redesignate the Response consistent with this order.

IT IS SO ORDERED.

DATED this 23 February 2024.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah