Korey D. Rasmussen (6129)
Keith A. Call (6708)
**SPENCER FANE LLP**
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Tel: (801) 521-9000
krasmussen@spencerfane.com
keithcall@spencerfane.com

Dana J. Finberg (admitted pro hac vice)
**O'HAGAN MEYER, LLP**
One Embarcadero Center, Suite 2100
San Francisco, CA 94111
Tel: (415) 578-6900
dfinberg@ohaganmeyer.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APPLIED PREDICTIVE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARKETDIAL, INC., JOHN M. STODDARD, and MORGAN DAVIS, <br><br> Defendants. | **DEFENDANTS' MOTION TO FILE RESPONSE TO PLAINTIFF'S SUR-REPLY RE: MOTION FOR ATTORNEYS' FEES** <br><br> Case No. 2:19-cv-00496 -JNP-CMR <br><br> Judge Jill N. Parrish <br> Magistrate Judge Cecilia M. Romero |

**RELIEF SOUGHT**

Pursuant to DUCivR 7-1(a)(9), defendants MarketDial, Inc.; John M. Stoddard; and Morgan Davis respectfully request that this Court grant leave for them to file a brief response to plaintiff Applied Predictive Technologies' ("APT") June 13, 2024 sur-reply. *See* ECF 682-1. The proposed response is submitted with this motion as **Exhibit 1**. As explained below, good cause justifies leave for Defendants to file a response to APT's sur-reply. Defendants, as the original movants, are procedurally entitled to "the last word" on their own motion for an award of attorney fees under this district's local rules. Moreover, APT's sur-reply improperly injects new arguments and material into briefing on Defendants' motion. For these reasons, Defendants ask (1) that they be granted leave to file the proposed response and (2) that this Court explicitly close briefing on Defendants' motion for an award of attorney fees upon filing of the response.

**ARGUMENT**

In briefing a motion, this district's local rules contemplate only a response by the nonmovant and a reply by the movant. *See, e.g.*, DUCivR 7-1(a)(4)(A)-(D). DUCivR 7-1(a)(9) further provides that, "[u]nless otherwise ordered[,]" the Court "will not consider additional memoranda" beyond a motion, response, and reply. Since the local rules contemplate only "a response [to a motion] by the nonmovant and a reply by the movant[,] . . . the movant is entitled to file the last pleading." *In re Life Partners Holdings, Inc.*, 2020 WL 13561598, at *1 (N.D. Tex. Apr. 24, 2020) (unpublished); *Brown v. Wiggins*, 2019 WL 3723628, at *1 (S.D. Miss. Aug. 7, 2019) (unpublished) ("Leave of court is required to file an additional brief because, *inter alia*, the movant is generally entitled to file the last pleading."). Indeed, sur-replies are disfavored because "they usually are a strategic effort by the nonmovant to have the last word on a matter." *Am. Safety Council, Inc. v. United States*, 122 Fed. Cl. 426, 431 (2015) (quoting *Lacher v. West*, 147 F. Supp.

2

2d 538, 539 (N.D. Tex. 2001)). Accordingly, when a sur-reply is permitted, courts routinely afford the movant an opportunity to file a brief response to the sur-reply. *See, e.g.*, *In re EpiPen Mktg., Sales Pracs. & Antitrust Lit.*, 2020 WL 1180550, at *5 (D. Kan. Mar. 10, 2020) (unpublished) (granting motion for movant to file response to sur-reply filed by nonmovant); *Brown*, 2019 WL 3723628, at *2 ("To allow the movant to have the last word in this matter as contemplated by Rule 7(b)(4), Defendant is accorded the opportunity to file a response to the sur-reply if he so chooses."); *In re Life Partner*, 2020 WL 13561598, at *1 ("To address Plaintiffs' legitimate concern that the [request to file a sur-reply] may be a strategic effort to have the last word, the Court will grant Plaintiffs . . . leave to file a response to the surreply."); *Grammar, Inc. v. Custom Foam Sys., Ltd.*, 2007 WL 731366, at *1 (E.D. Mich. Feb. 21, 2007) (unpublished) (same).

Here, Defendants filed a motion for an award of attorney fees, ECF 663, 665; APT filed a response, ECF 677, 679; and Defendants filed a reply, ECF 680. APT then petitioned this Court for leave to file a sur-reply to address purportedly "new" arguments in Defendants' reply. ECF 682. This Court accepted the proposed sur-reply in a docket text order. ECF 683. As it stands, APT has "the last word" on Defendants' motion for fees in contravention of the motion-response-reply procedure contemplated by the local rules. To be clear, Defendants do not quibble with this Court's decision to short-circuit a potentially "endless volley of briefs" regarding APT's proposed sur-reply by simply accepting the sur-reply. *See Gemini Ins. Co. v. Stafford Transp., Inc.*, 2016 WL 4582071, at *2 (N.D. Ga. May 27, 2016) (unpublished). Such an approach makes sense given the sheer amount of back-and-forth briefing in this case. But, as the movants, Defendants are "entitled to file the last pleading" on their own motion and should have the opportunity to fairly rebut any opposing arguments. *See Brown*, 2019 WL 3723628, at *2.

That opportunity is particularly important where, as here, the arguments advanced in a sur-reply are little more than a "strategic effort by the nonmovant to have the last word on a matter." *Lacher*, 147 F. Supp. 2d at 539-40. As explained in the proposed response, APT's justification for its sur-reply is unconvincing—the argument and material APT objects to as impermissibly "new" is, in reality, simple rebuttal of issues "raised in [APT's] opposition memorandum." *See Simmler v. Reyes*, 2021 WL 535501, at *1 (D. Utah Feb. 12, 2021) (unpublished mag. j. op.) (Bennett, Mag. J.); *James v. Boyd Gaming Comm'n*, 522 F. Supp. 3d 892, 904 (D. Kan. 2021) ("[A] reply 'may properly highlight the deficiencies' in a response 'without opening the door to additional pleadings.'"). Whether or not APT agrees with those rebuttal arguments, "Defendants were entitled to include that material in their reply." *See Simmler*, 2021 WL 535501, at *1. Other arguments in the sur-reply—such as those regarding the financial strain imposed on Defendants by this litigation—are merely a rehash of points already made in APT's opposing memorandum. *See Fees v. Zarco*, 2017 WL 7345739, at *2 (S.D. Fla. Oct. 3, 2017) (unpublished) ("It is inappropriate for Plaintiffs to use a Sur-Reply to reargue arguments they have already made[.]"). And, most critically, APT uses its sur-reply to inject multiple brand-new arguments into the briefing on this issue, including an argument that Defendants' requested fees are unreasonable and an argument that Defendants failed to properly allocate the fee request. These arguments were readily available to APT at the time it filed its opposition memorandum but appear nowhere in that filing. To allow APT a renewed opportunity to sow doubt regarding the legitimacy of Defendants' fee request without a concomitant opportunity for rebuttal would be improper.

In short, the procedural spirit of this district's local rules and fairness dictate that Defendants be afforded an opportunity to respond to APT's sur-reply. The proposed response is limited to five-and-a-half pages and Defendants have made all reasonable efforts to keep the

response succinct. Defendants respectfully submit that the response will aid the Court in weighing APT's sur-reply arguments and will not materially complicate the briefing on this matter.

## CONCLUSION

For these reasons, Defendants respectfully request that this Court (1) grant them leave to file the proposed response to APT's sur-reply; and (2) explicitly close briefing on Defendants' motion for an award of attorney fees upon filing of the response.

DATED this 20th day of June, 2024.

        **O'HAGAN MEYER, LLP**
        Dana J. Finberg

        **SPENCER FANE LLP**

        */s/ Keith A. Call*
        Korey D. Rasmussen
        Keith A. Call
        *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of June, 2024, I caused a true and correct copy of the foregoing **DEFENDANTS' MOTION TO FILE RESPONSE TO PLAINTIFF'S SUR-REPLY RE: MOTION FOR ATTORNEYS' FEES** to be filed with the Clerk of the Court using the CM/ECF System, which will send notification to the following:

David W. Tufts
Ashley M. Gregson
DENTONS DURHAM JONES PINEGAR, P.C.
111 S. Main Street, Ste. 2400
Salt Lake City, UT 84111
david.tufts@dentons.com
ashley.gregson@dentons.com
*Attorneys for Plaintiff*

Kirk R. Ruthenberg *(pro hac vice)*
Nicholas Hunt Jackson *(pro hac vice)*
Kerisha A. Bowen *(pro hac vice)*
DENTONS US LLP
1900 K Street, NW
Washington, DC 2006
kirk.ruthenberg@dentons.com
nicholas.jackson@dentons.com
kerisha.bowen@dentons.com
*Attorneys for Plaintiff*

Megan M. Carroll *(pro hac vice)*
DENTONS US LLP
4520 Main Street, Ste. 1100
Kansas City, MO 64111
megan.carroll@dentons.com
*Attorneys for Plaintiff*

Spencer D. Hamilton *(pro hac vice)*
DENTONS US LLP
2000 McKinney Avenue, Ste. 1900
Dallas, TX 75201
spencer.hamilton@dentons.com
*Attorneys for Plaintiff*

Blake L. Osborn *(pro hac vice)*
DENTONS US LLP
601 South Figueroa Street, Ste. 2500
Los Angeles, CA 90017
blake.osborn@dentons.com
*Attorneys for Plaintiff*

*/s/ Stephanie Chavez*

4840-4307-2509, v. 3

SLC 7139548.1