# Exhibit 1

Korey D. Rasmussen (6129)
Keith A. Call (6708)
**SPENCER FANE LLP**
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Tel: (801) 521-9000
krasmussen@spencerfane.com
keithcall@spencerfane.com

Dana J. Finberg (admitted pro hac vice)
**O'HAGAN MEYER, LLP**
One Embarcadero Center, Suite 2100
San Francisco, CA 94111
Tel: (415) 578-6900
dfinberg@ohaganmeyer.com

*Attorneys for Defendants*

---

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APPLIED PREDICTIVE TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARKETDIAL, INC., JOHN M. STODDARD, and MORGAN DAVIS, <br><br> Defendants. | **DEFENDANTS' RESPONSE TO PLAINTIFF'S SUR-REPLY RE: MOTION FOR ATTORNEYS' FEES** <br><br> Case No. 2:19-cv-00496 -JNP-CMR <br><br> Judge Jill N. Parrish <br> Magistrate Judge Cecilia M. Romero |

Subject to the Court's ruling on Defendants' Motion for Leave to File this response, Defendants MarketDial, Inc., John M. Stoddard, and Morgan Davis submit for the Court's consideration this response addressing material contained in Plaintiff Applied Predictive Technologies' June 13, 2024 sur-reply (ECF 682-1) and in support of Defendants' Motion for Attorneys' Fees.

## ARGUMENT

## I.    THE COURT SHOULD REJECT APT'S NEW AND INCORRECT ARGUMENTS IN ITS SUR-REPLY.

In its sur-reply, APT uses the submission of the rebuttal Osborne Declaration as a platform to inject five new arguments.  Each of those arguments is incorrect.  The Court should easily and quickly reject them and enter an award of attorneys' fees in favor of Defendants.

First, APT incorrectly argues for the first time that the insurance companies' refusal to pay Goodwin Proctor's rates (ranging from $165 - $1,155, *see* ECF 663-3, ¶ 6) suggests those rates were not reasonable.  ECF 682-1, at 1-2; *see also*  ECF 681, at 3; ECF 682, at 3.  Courts recognize the common-sense fact that "insurance companies, due to the volume of work they offer, may well be able to negotiate for lower attorney billing rates than could be obtained by other types of clients in the marketplace." *Columbus McKinnon Corp. v. Travelers Indem. Co.*, 367 F. Supp. 3d 123, 157 (S.D.N.Y. 2018).  "Thus, the attorney rates that are customarily paid by insurers may fall at the lower end of a reasonable range for like services . . . ***and should not be used as a standard by which the upper limit of that range is measured***." *Id.* (emphasis added).  *See also Danaher Corp. v. Travelers Indemn. Co.*, No. 10-CV-121, 2015 WL 1647435, *3 (S.D.N.Y. April 14, 2015) ("[T]he fact that Travelers' own approved rates are lower has little impact on the determination of whether the rates charged by the firms acting for Danaher and Atlas Copco were reasonable."). The fees at issue here—the rates charged by Goodwin Proctor—are based on Goodwin Proctor's

regular and periodic benchmarking analyses.  Goodwin Proctor has fully justified its rates based on its benchmarking and other factors.  *See* ECF 663-3, ¶ 7.[1]

Second, APT misrepresents Morgan Davis's testimony in an effort to argue that Mr. Osborne's declaration contradicts Mr. Davis's deposition testimony.  ECF 682-1, at 2, fn. 3; *see also* ECF 681 at 3.  It does not.  This will be clear upon the Court's review of APT's cited material, ECF 439, Ex. 28 at 395:4:-400:2.  In response to APT's counsel's questions,  Mr. Davis accurately and truthfully testified that insurance companies are "contributing" to Defendants' fees in this litigation.  *Id.* at 395:4-8.  He testified that he does not "understand the nooks and crannies" of the insurance policy limits. *Id.* at 2-11.  And when APT's counsel asked, on May 20, 2022 (the date of the deposition), "whether [insurance] is paying [present tense] 100 percent of your legal fees?," Mr. Davis accurately and truthfully responded, "MarketDial is not *currently* paying legal fees, so I believe so, yeah."  *Id.* at 399:21-400:2 (emphasis added).[2]  APT's counsel simply never asked Mr. Davis if MarketDial had ever paid any of its own attorneys' fees in this case.  Had he asked the question, he would have gotten the answer, "Yes."  There is no inconsistency here, and APT's argument to the contrary is a desperate stretch.

Third, APT argues that the payment of some of its fees by insurers demonstrates that APT was not seeking to financially pressure Defendants.  ECF 682-1, at 2; *see also* ECF 681, at 1.  It is improper for APT to raise this argument at this stage because Defendants clearly spelled out their "financial pressure" arguments in their motion.  *See, e.g.,* ECF 63, at 5-7.  APT has already

---

[1] Another valid benchmark to assess the reasonableness of Goodwin Proctor's rates would be the rates charged by APT's counsel in this case.  That information could have easily been provided by APT to rebut Defendants' reasonableness arguments, but APT has chosen to omit that data from the Court's consideration.

[2] The fees in question were paid by MarketDial to Goodwin Proctor. ECF 680-1 (Osborne Decl.), ¶¶ 2-4.  Goodwin Proctor did not charge any fees after May 17, 2021.  ECF 663-3 (Chatterjee Decl.), ¶ 4.

addressed this in its Opposition by arguing that insurance paid all of Defendants' fees.  ECF 679, at 12-13.  In additional to being inappropriately re-argued at this stage, APT's argument is just wrong.  As APT knows, MarketDial's limited cash runway is not the only way to financially pressure and harm MarketDial.  MarketDial has also suffered, and continues to suffer, in the form of lost customers, lost investors, and artificial devaluation when attempting to raise funds.  *See* ECF 663-1 (Davis Declaration).

Fourth, APT improperly raises a new argument—completely absent from its opposition— that Defendants failed to properly allocate fees.   ECF 682-1, at 2-4; *see also* ECF 682, at 4. Defendants addressed this very issue in their motion:  "Under both Utah and federal law, 'parties need not segregate fees for compensable and noncompensible claims if the claims sufficiently overlap and involve the same nucleus of facts."  ECF 663, p. 11 (citing *John Bean Tech. Corp. v. B GSE Group, LLC*, No. 1:17-CV-00142-RJS, 2023 WL 6164322, *14 (Sept. 21, 2023)).  APT wholly failed to address this argument in its opposition, waiting until now to first raise it in connection with its sur-reply.

For its allocation argument, APT relies solely on an unpublished and non-binding case applying Kentucky law.  *See* ECF 682-1, at 3 (citing *AWP, Inc. v. Safe Zone Servs., LLC*, No. 3:19-CV-00734-CRS, 2022 WL 2910023 (W.D. Ky. July 22, 2022)).  APT's reliance on a decision applying Kentucky law carries no weight given the direct contrary authorities applying applicable Utah and federal law, such as *John Bean*.  *John Bean* cites several Utah and Tenth Circuit cases, and one United State Supreme Court case, in support of its conclusion that attorneys' fees do not have to be allocated where the claims overlap, involve the same nucleus of facts, are inextricably intertwined, or are interrelated.  *See John Bean* at *14, citing *First Am. Title Ins. Co. v. Nw Title Ins. Agency,* 906 F.3d 884, 900 (10th Cir. 2018); *Daynight, LLC v. Mobilight, Inc.*, 248 P.3d 1010,

1013 (Utah Ct. App. 2011); *Airstar Corp. v. Keystone Aviation, LLC,* 514 P.3d 568, 585 (Utah Ct. App. 2022); *Golden Meadows Props., LC v. Strand*, 241 P.3d 375, 384 (Utah Ct. App. 2010)); *Dejavue, Inc. v. U.S. Energy Corp.,* 993 P.2d 222, 227 (Utah Ct. App. 1999); *Jane L. v. Bangerter*, 61 F.3d 1505, 1512 (10th Cir. 1996); *Atlas Biologicals, Inc. v. Kutrubes*, No. 1:15-cv-00355-CMA-KMT, 2020 U.S. Dist. LEXIS 121433, at *10, 2020 WL 3893566 (D. Colo. July 10, 2020); *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998).

Defendants' concession in their reply that $212,282.00 in fees resulting from a completely separate administrative proceeding before the Patent Trial and Appeals Board is not a concession that, contrary to applicable Utah and federal law, the remainder of the fees incurred in defending this lawsuit must somehow be allocated.  Defendants' burden is to prove the number of hours spent on the case and the appropriate hourly rates.  *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000).  The Court then *presumes* that the lodestar figure is a reasonable fee. *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998); *Ross v. Jenkins*, 325 F. Supp. 3d 1141, 1178 (D. Kan. 2018).  Defendants are willing to provide more information about how this amount was calculated if it would be helpful to the Court.

Finally, APT complains that Defendants did not argue in their motion that APT failed to investigate its patent claims in a post-*Alice* world.  ECF 682-1, at 4-6; ECF 682, at 1, 2, 5, 6.  Defendants' *Alice* arguments are nothing more than a continuation of the arguments Defendants made in their motion, including these:

- "APT's bad-faith purpose in pursuing this litigation has been manifest—from the half-billion-dollar claims based on an invalid patent . . . to [other facts mentioned]."  ECF 663, at 2.

5

- "APT's patent claims were ill-conceived and lacking in merit from the start." *Id.* at 9.

- "There is no evidence in the record demonstrating any meaningful effort by APT to reasonably investigate its claims of patent infringement before bringing suit." *Id.* at 9-10.

- "APT conducted no substantive comparison or analysis of MarketDial's product before asserting that MarketDial had misappropriated its technology and infringed on its intellectual property." *Id.* at 10.

- "APT's meritless patent claims were dismissed and their patent . . . invalidated early in this case without substantive discovery." *Id.*

- Numerous other arguments made on pages 9-11 of the motion.

In its Opposition (ECF 663), APT argued that it made a reasonable pre-suit investigation before suing MarketDial for patent infringement. APT focused on its argument regarding its alleged investigation of publicly available information *about MarketDial*, tacitly admitting that it conducted no internal analysis of the validity of the '916 Patent in light of the applicable law at the time it filed suit. *See* ECF 663, at 15-16. MarketDial fairly and properly rebutted this argument in its reply by pointing out the absence of any claim by APT that it conducted any internal investigation of the validity of the very patent on which it sued.

Even in its sur-reply, APT does not contend that it conducted any pre-suit evaluation of its '916 Patent in light of *Alice*. Instead, it argues that its patent was a "technical solution to reducing error in A/B testing" (ECF 682-1, at 5), which is the very sort of thing *Alice* held to be unpatentable. *See Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216, 218-21, 225-26 (2014) (abstract ideas, such as fundamental economic practices, implemented using generic computer technology are not patentable). APT's reliance on its post-lawsuit application for re-issuance, and subsequent

(erroneous) re-issuance of Patent No. RE49,562 does not help it, for the simple reason that APT did not sue MarketDial in this lawsuit for infringement of the '562 Patent.

APT's failure to argue or even suggest in its sur-reply that it conducted a pre-suit analysis of its '916 Patent is deafening. APT was obligated not only to evaluate MarketDial's potential infringement before it sued, but also the validity of its own patent under post-*Alice* law. It is now clear that APT undertook no such investigation, supporting the conclusion that this is an extraordinary case warranting fees.

## **CONCLUSION**

For all the foregoing reasons, as well as the reasons previously provided, the Court should award attorneys' fees to Defendants in the amount of **$3,307,755.79**.

DATED this _____ day of June, 2024.

**O'HAGAN MEYER, LLP**
Dana J. Finberg

**SPENCER FANE LLP**

*/s/*_____
Korey D. Rasmussen
Keith A. Call
*Attorneys for Defendants*

SLC 7134462.2

7