Korey D. Rasmussen (6129)
Keith A. Call (6708)
**SPENCER FANE LLP**
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Tel: (801) 521-9000
krasmussen@spencerfane.com
keithcall@spencerfane.com

Dana J. Finberg (admitted pro hac vice)
**O'HAGAN MEYER, LLP**
One Embarcadero Center, Suite 2100
San Francisco, CA 94111
Tel: (415) 578-6900
dfinberg@ohaganmeyer.com

*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| APPLIED PREDICTIVE TECHNOLOGIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>MARKETDIAL, INC., JOHN M. STODDARD, and MORGAN DAVIS,<br><br>Defendants. | **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE AUG. 12, 2024 DOCKET TEXT ORDER [ECF 688] AND VACATE, OR IN THE ALTERNATIVE SEAL, THE MEMORANDUM DECISION & ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (AMENDED) [ECF 689]**<br><br>Case No. 2:19-cv-00496 -JNP-CMR<br><br>Judge Jill N. Parrish<br>Magistrate Judge Cecilia M. Romero |

Defendants MarketDial, Inc., John M. Stoddard, and Morgan Davis ("Defendants") oppose Plaintiff's Motion to Vacate the Aug. 12, 2024 Docket Text Order [ECF 688] and Vacate, or in the Alternative Seal, the Memorandum Decision & Order on Defendants' Motions for Summary Judgment (Amended) [ECF 689] (ECF 690) ("Motion to Seal").

## INTRODUCTION

For several years, MarketDial has patiently endured a long-running charade[1] surrounding APT's claims of confidentiality. APT's use of the Court's Standard Protective Order ("SPO") has concealed from MarketDial the very information it claims MarketDial "stole," has inhibited the defense of its trade secret claims, has forced MarketDial to file countless motions to file under seal and duplicate copies of filings ("confidential" and non-confidential), and has prevented others from discovering the true nature of its efforts to put MarketDial out of business. Most recently, APT has sought prevent the public filing of a summary judgment order that casts APT in a negative light, but does not disclose anything confidential. APT's insistence that the summary judgment order discloses "secret" or otherwise commercially-valuable information highlights the absurdity of APT's claims to confidentiality and trade-secret protection. This ongoing pretense of confidentiality for matters that are not confidential should end.

The Court should deny APT's Motion to Seal for three reasons:

1. This Court has inherent authority to seal or unseal documents filed in this case.

2. This Court retains jurisdiction to unseal its summary judgment order.

---

[1] A charade is "an absurd pretense intended to create a pleasant or respectable appearance." https://www.google.com/search?sca_esv=4f737f0b4de0cae7&sca_upv=1&rlz=1C1GCFQ_enUS1100US1100&sxsrf=ADLYWIL5gT6evPGuxBmXIXeDzJ1CcTJaBA:1724788008053&q=charades&si=ACC90nwZKElgOcNXBU934ENhMNgqo362fqyHmXVF3bS49tRZqjK6zPTNqcnI_K7VWNyDFthhM6WIyAvRXTkekJi941VrPylUJiJGS_iyihs0t8SsxcvGMdo%3D&expnd=1&sa=X&sqi=2&ved=2ahUKEwiHr6GE-JWIAxViMtAFHSZ-IZEQ2v4IegQIJxAz&biw=1920&bih=919&dpr=1.

3. The horse has left the barn.

## RELEVANT CHRONOLOGY

1. This Court entered its summary judgment order (sealed version) on March 28, 2024. *See* ECF 650.

2. In the following weeks, the parties briefed whether the summary judgment order should remain sealed. *See* ECF 654, 656, 659, 660, 662.

3. APT filed its Notice of Appeal on April 25, 2024. ECF 667.

4. On July 11, 2024, Defendants filed a Request to Submit for Decision, asking the Court to render its decision on Plaintiff's motion to retain the seal on the Court's summary judgment order. ECF 687.

5. This Court entered an unsealed version of its summary judgment order on August 12, 2024. ECF 689.

6. The Court's unsealed summary judgment order has been broadly published on numerous publicly available websites, including Westlaw, Lexis, casetext.com, findlaw.com, Justia.com, business.cch.com, and likely many others. *See, e.g.*, *Applied Predictive Technologies, Inc. v. MarketDial, Inc.*, 2024 WL 3759894 (D. Utah Aug. 12, 2024); *Applied Predictive Technologies, Inc. v. MarketDial, Inc.*, 2024 2024 U.S. Dist. LEXIS 143330 (D. Utah Aug. 12, 2024); https://casetext.com/case/applied-predictive-techs-v-marketdial-inc-6; https://caselaw.findlaw.com/court/us-dis-crt-d-uta/116482830.html;p; https://law.justia.com/cases/federal/district-courts/utah/utdce/2:2019cv00496/115695/689/**;** https://business.cch.com/ipld/AppliedPredictiveTechMarketDial20240812.pdf**.**

7. APT did not raise any jurisdictional issue with this Court until August 19, 2024, which was over one month *after* Defendants filed their Request to Submit and *after* the Court filed the unsealed version of the summary judgment order. ECF 690.

## ARGUMENT

### I. THIS COURT HAS AUTHORITY TO SEAL AND UNSEAL RECORDS IN THIS CASE.

There can be no serious question over the proposition that this Court has the authority to seal or unseal records on its docket. Federal Rule of Civil Procedure 5.2(d) expressly provides that authority:

> The court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record.

Fed. R. Civ. P. 5.2(d); *see also, e.g.*, *U.S. v. Seugasala*, 670 Fed. App. 641 (9th Cir. 2016) ("District Courts have inherent discretionary power to seal or unseal record items."), citing *U.S. v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003) ("[The] district court has the inherent power to seal documents[.]").

The Tenth Circuit has instructed that "there is a strong presumption in favor of public access." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). Public access fosters confidence in the judiciary:

> The public's exercise of its common law access right in civil cases promotes public confidence in the judicial system. . . . As with other branches of government, the bright light cast upon the judicial process by public observation diminishes the possibilities for injustice, incompetence, perjury, and fraud. Furthermore, the very openness of the process should provide the public with a more complete understanding of the judicial system and a better perception of its fairness.

*Gambale v. Deutsche Banke AG*, 377 F.3d 133 (2d Cir. 2004) (citations omitted).

The Tenth Circuit reviews a district court's decision to seal or unseal records for abuse of discretion. *Pickard*, 733 F.3d at 1302.

APT does not challenge these bedrock principles. Its only argument is that this Court lost jurisdiction to unseal the summary judgment order when APT appealed. That is incorrect.

## II. THIS COURT RETAINS JURISDICTION TO UNSEAL ITS SUMMARY JUDGMENT ORDER.

APT does not cite any case directly on point to its jurisdictional argument. It cites only cases for the general proposition that a district court should not assert simultaneous jurisdiction over issues that have been appealed. APT acknowledges that, even after an appeal is filed, the district court retains jurisdiction to rule on collateral issues. APT does not cite any case that addresses whether the unsealing of a court record is a collateral issue.[2] Yet the public's access to this Court's decision is a classic collateral issue.

Black's Law Dictionary defines "collateral" as follows:

1. Supplementary; accompanying, but secondary and subordinate to <whether the accident victim was wearing a seat belt is a collateral issue>. 2. Not direct in line, but on a parallel or diverging line of descent; of, relating to, or involving a person who is related by blood but is neither an ancestor nor a descendant <an uncle is in a collateral, not a direct, line[].

Black's Law Dictionary, collateral (12th ed. 2024).

The sealing or unsealing of records in the District Court is by this, or any other definition, a non-direct, collateral issue. For example, attached as **Exhibit 1** is a copy of APT's docketing statement for its Federal Circuit appeal. APT lists nine issue for appeal. None of those issues question whether any records in the district court should be sealed or unsealed. The sealing or unsealing of records in this Court will have no bearing on the Federal Circuit's decision on the

---

[2] Defendants address each of Plaintiffs' cases below.

5

issues presented to it. That is because the unsealing of the summary judgment order is *collateral*; it is not "direct in line" in the appeal.

The fact that unsealing the summary judgment order is collateral is also manifest by APT's conduct. After APT's motion to retain the seal was fully briefed, and after APT had filed its notice of appeal in this case, Defendants filed and served a Request to Submit for Decision, specifically asking this Court to rule on the pending motion to retain the seal on the summary judgment order. Rather than promptly objecting to the Request to Submit and arguing that this Court lacked jurisdiction, APT sat on its hands, failing to challenge this Court's jurisdiction on the matter. APT continued to sit on its hands after it filed its appellate brief and appellate motion to exceed the confidential word limit. Had the issue been a direct, non-collateral issue, APT surely would have immediately challenged the Court's jurisdiction upon seeing Defendants' Request to Submit. That it failed to do so supports the conclusion that the issue is collateral, not direct.

Appellate cases addressing the specific question of whether a district court retains jurisdiction to seal or unseal records after an appeal is filed support this Court's decision to file an unsealed summary judgment order. For example, in *FutureFuel Chemical Co. v. Lonza, Inc.*, 756 F.3d 641 (8th Cir. 2014), the Eighth Circuit specifically held:

> The right of access to judicial records and documents is independent of the disposition of the merits of the case. . . . Thus, the district court was permitted to consider whether to unseal the record despite FFCC's filing a notice of appeal in this case challenging the grant of summary judgment to Lonza, which was a final and appealable decision.

*Id.* at 648 (cleaned up).

Likewise, the Ninth Circuit has held:

> The district court had jurisdiction to unseal the records at issue, and that jurisdiction was not lost by the filing of an appeal. District courts have inherent discretionary power to seal or unseal record items. . . .

6

> \*\*\*
> Here, the district court had inherent authority to seal portions of the record and had equal power to order them unsealed, even after Seugasala filed a notice of appeal. In unsealing the record items, the court did not attempt to decide the merits of the parties' appellate arguments or otherwise materially alter the status of Seugasala's appeal. Therefore, the district court did not exceed its jurisdiction but merely exercised its valid authority to make a ruling with respect to the record that will aid this court on review.

*U.S. v. Seugasala*, 670 F. Appx. 641, 641-42 (9th Cir. 2016) (unpublished); *see also United Nuclear Corp. v. Crandford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990), *cert denied*, 498 U.S. 1073 (1991) ("As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed."); *Gambale*, 377 F.3d at 141 ("The court's supervisory power does not disappear because jurisdiction over the relevant controversy has been lost. . . . So long as [the court records and files] remain under the aegis of the court, they are superintended by the judges who have dominion over the court.").[3]

These cases are much more on point and therefore more persuasive than any of APT's cases. APT's leading case, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982), is

---

[3] In *United States v. Pickard*, 676 F.3d 1214, 1216, 1218-19 (10th Cir. 2012), the Tenth Circuit commented that a district court "was probably correct—not clearly incorrect—in concluding that it lacked jurisdiction" to unseal "several files relating to a government witness" because the defendants had filed a notice of appeal. The Tenth Circuit's analysis-free commentary on the ability of a lower court to unseal certain witness files while an appeal was pending is not binding on this Court. *See Gonzalez Aguilar v. Wolf*, 448 F. Supp. 3d 1202, 1210 (D.N.M. 2020) (dicta in Tenth Circuit opinion "is not binding" on lower court). To begin with, *Pickard* addressed the jurisdictional issue in the context of a mandamus petition, and therefore its cursory analysis of the issue was limited to whether the lower court's decision that it lacked jurisdiction to unseal was a "clear and indisputable" abuse of discretion. *See* 676 F.3d at 1218-19. The Tenth Circuit held that it was not but undertook no analysis of the relationship between the documents to be unsealed and the substance of the appeal. *See id.* Instead, the Tenth Circuit's decision rested entirely on the fact that the party seeking to unseal conceded that the sealed documents "involved matters to be addressed in the pending appeals." *See id.* at 1219. As this opposition memorandum should make clear, MarketDial makes no such concession here and APT has made no showing of a similar substantive overlap that might implicate the division of power between this Court and the Federal Circuit. Finally, *Pickard* dealt with the unsealing of actual government files and evidence, not the publication of the lower court's high-level legal analysis of such evidence.

7

completely uninstructive here. In that case, the U.S. Supreme Court held that the Third Circuit Court of Appeals lacked jurisdiction where a motion to alter or amend the judgment was pending at the time the notice of appeal was filed. Beyond the general proposition that an appellate court and district court should not exercise simultaneous jurisdiction, *id.* at 58, that case offers no instruction on whether a district court may file an unsealed summary judgment order while an appeal is pending.

APT's next case, *McKissick v. Yuen*, 618 F.3d 1177, 1196 (10th Cir. 2010), does not answer the present question in APT's favor, either. *McKissick* held that the district court retained jurisdiction to rule on a post-appeal motion for attorneys' fees. The Tenth Circuit described an award of attorneys' fees as "the paradigmatic example of a collateral issue a district court may entertain after an appeal has been taken to this court." *Id.* at 1196. The court made this holding even in the face of an argument that the attorneys' fee claim was a substantive contract claim, and that the contract claim was part of the appeal. *Id.* The Court did not opine on whether sealing or unsealing a court order was or was not a collateral issue.

APT's next case is *MacIntyre v. JP Morgan Chase Bank, N.A.*, 827 F. App'x 812 (10th Cir. 2020). That case provides another example of when a district court *can* continue to exercise jurisdiction (in this case after dismissal for lack of subject matter jurisdiction), namely, to award attorney's fees. *Id.* at 821. *MacIntyre* is not instructive on when a district court may *not* exercise jurisdiction after an appeal.

APT's next case is *W.N.J. v. Yocum*, 257 F.3d 1171 (10th Cir. 2001). In that case, the Tenth Circuit held that the district court lacked subject matter jurisdiction, and that a post-appeal order entered after the appeal was filed could not correct the lack of jurisdiction. *Id.* at 1172-73. This case says nothing about sealing or unsealing records.

8

Finally, APT cites to *Burke v. Utah Transit Auth. & Loc. 382*, 462 F.3d 1253 (10th Cir. 2006). In that case, the Tenth Circuit ruled that the district court properly declined to rule on a post-appeal motion to amend a complaint. *Id.* at 1264. Again, this is unhelpful in determining whether an appeal divests a district court of jurisdiction to unseal a court record on its docket.

Thus, APT has not provided any legal authority that answers the question here. The leading cases, APT's conduct, and simple logical analysis all demonstrate that the question of whether to seal or unseal the summary judgment order is a *collateral* one, not a direct one. This Court therefore retains jurisdiction to seal or unseal the records on its docket.

### III.  THE HORSE HAS LEFT THE BARN.

Regardless of any argument APT now makes, the fact is that the court's summary judgment order is now irreversibly public. There is nothing APT or this Court can now do to change that.

Once a document resides "on the highly accessible databases of Westlaw and Lexis and has apparently been disseminated prominently elsewhere," no court "ha[s] the power, even were [it] of the mind to use it if [it] had, to make what has thus become public private again." *Gambale*, 377 F.3d at 144. Use whatever metaphor is best—horse out of the barn, cat out of the bag, or genie out of the bottle—this court "ha[s] not the means to put the [horse, cat or] genie back." *Id.; accord*, *Araujo v. E. Mishan & Sons, Inc.*, 2022 WL 11812348, *2 (S.D. N.Y. Oct. 20, 2022) (unpublished) (declining to seal opinion that was available on electronic research platforms); *Nelson v. Comm'r of Soc. Sec.*, 2017 WL 1314118 (E.D.N.Y. 2017) ("[N]othing in Nelson's file qualifies for sealing, especially since the horse of online access to the Order has long since left the barn."); *Sparman v. Edwards*, 325 F. Supp. 3d 317, 320 (E.D.N.Y. 2018) ("with these versions of the opinion already publicly available, the last vestige of hope for sealing the copy in the public file of the Court is also lost").

9

Sealing the court's summary judgment order in the manner APT demands is now a practical impossibility.

## CONCLUSION

In firmly ruling that a slightly modified summary judgment order would be unsealed, this Court emphatically stated, "No further objections, motions, or memoranda by the parties in the issue of retaining seal on the summary judgment order will be received." Yet, here we are. This exemplifies why the Court should enter an award of attorneys' fees in Defendants' favor. *See* ECF 665 (Defendants' Motion for Attorneys' Fees). The Court should also deny Plaintiff's motion seeking to seal or retain the now-public summary judgment order.

DATED this 3rd day of September, 2024.

**O'HAGAN MEYER, LLP**
Dana J. Finberg

**SPENCER FANE LLP**

*/s/ Keith A. Call*
Korey D. Rasmussen
Keith A. Call
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of September, 2024, I caused a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE THE AUG. 12, 2024 DOCKET TEXT ORDER [ECF 688] AND VACATE, OR IN THE ALTERNATIVE SEAL, THE MEMORANDUM DECISION & ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT (AMENDED) [ECF 689]** to be filed with the Clerk of the Court using the CM/ECF System, which will send notification to the following:

David W. Tufts
Ashley M. Gregson
**DENTONS DURHAM JONES PINEGAR, P.C.**
111 S. Main Street, Ste. 2400
Salt Lake City, UT 84111
david.tufts@dentons.com
ashley.gregson@dentons.com
*Attorneys for Plaintiff*

Kirk R. Ruthenberg *(pro hac vice)*
Nicholas Hunt Jackson *(pro hac vice)*
Kerisha A. Bowen *(pro hac vice)*
**DENTONS US LLP**
1900 K Street, NW
Washington, DC 2006
apt.us@dentons.com
kirk.ruthenberg@dentons.com
nicholas.jackson@dentons.com
kerisha.bowen@dentons.com
*Attorneys for Plaintiff*

Megan M. Carroll *(pro hac vice)*
**DENTONS US LLP**
4520 Main Street, Ste. 1100
Kansas City, MO 64111
megan.carroll@dentons.com
*Attorneys for Plaintiff*

Spencer D. Hamilton *(pro hac vice)*
**DENTONS US LLP**
2000 McKinney Avenue, Ste. 1900
Dallas, TX 75201
spencer.hamilton@dentons.com
*Attorneys for Plaintiff*

Blake L. Osborn *(pro hac vice)*
**DENTONS US LLP**
601 South Figueroa Street, Ste. 2500
Los Angeles, CA 90017
blake.osborn@dentons.com
*Attorneys for Plaintiff*

*/s/ Stephanie Chavez*

SLC 7201481.2